**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SANTOS LUIS ALVEREZ VASQUEZ, Santos Luis Alvarez Vasquez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 15-73336 <br><br> Agency No. A088-447-874 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 9, 2022[**]
San Francisco, California

Before: W. FLETCHER and BUMATAY, Circuit Judges, and SILVER,[***] District
Judge.

Santos Luis Alverez Vasquez petitions for review of a Board of Immigration

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

Appeals ("BIA") decision denying withholding of removal and relief under the Convention Against Torture ("CAT"). We review the BIA's denial of withholding of removal and CAT relief for substantial evidence. *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). We have jurisdiction under 8 U.S.C. § 1252 and deny the petitions.

1. Substantial evidence supports the BIA's denial of withholding of removal. In reviewing Alverez Vasquez's petition, the BIA affirmed the Immigration Judge's ("IJ") adverse credibility finding against Alverez Vasquez and denied withholding of removal.[1] An adverse credibility finding is an adequate ground to deny a claim for withholding of removal. *Aguilar Fermin v. Barr*, 958 F.3d 887, 892–93 (9th Cir. 2020); *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

An adverse credibility determination must be "based on the totality of the circumstances and all relevant factors, not a single factor." *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (simplified). The BIA determined that the IJ considered the relevant statutory factors in reaching its decision. The BIA specifically highlighted the IJ's consideration of (1) discrepancies within Alverez Vasquez's testimony and (2) discrepancies between Alverez Vasquez's testimony and other evidence in the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (listing the

---

[1] The BIA also found that Alverez Vasquez waived any challenge to the IJ's adverse credibility finding. Because substantial evidence supports the BIA's adverse credibility decision, we do not address the waiver issue.

2

"internal consistency" of statements and "consistency of such statements with other evidence of record" as factors to consider). For example, Alverez Vasquez provided contradictory testimony with respect to the identity of the other bus driver on the date of the gang attack. As a result, substantial evidence supports the BIA's denial of withholding of removal.

2. Substantial evidence also supports the BIA's denial of CAT relief. The BIA found that Alverez Vasquez failed to establish that it was "more likely than not" that he would be tortured "with the consent or acquiescence" of the Honduran government. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Because Alverez Vasquez's testimony was discredited, the BIA did not consider his arguments surrounding his 2004 gang attack. Instead, the BIA looked to his remaining country conditions evidence and concluded that such evidence was insufficient to establish eligibility for CAT relief. While the country conditions reports show that torture occurs in Honduras, "they do not compel the conclusion that [the petitioner] would be tortured if returned." *Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006). Nor do the reports show that the Honduran government would consent or acquiesce to any torture of Alverez Vasquez. For example, while the 2013 State Department report acknowledges "serious impediments to the protection of human rights" the report makes clear that the Honduran government has taken "steps to prosecute and punish officials who committed abuses." Thus, the country conditions evidence fails

to compel a finding that it is "more likely than not" that Alverez Vasquez would be tortured "with the consent or acquiescence" of the Honduran government.

**DENIED.**